<hr />

DIRIMPLE, Appellant, vs. DELLS LUMBER COMPANY, imp., Respondent.

*December 16, 1898 — January 10, 1899.*

*Liens upon logs: Assignment of claim.*

One who merely pays lienable claims on logs by paying orders drawn on him therefor, does not hold by assignment, and is not entitled to a lien under sec. 3333, Stats. 1898.

APPEAL from a judgment of the circuit court for Chippewa county: A. J. VINJE, Circuit Judge.  *Affirmed.*

Action for money paid for labor and to enforce a lien therefor under the laws in respect to lienable claims upon sawlogs.  The complaint set forth that work was done in

driving certain sawlogs described, by various persons named, between April 15 and May 25, 1896, and that the amount which became due each of such persons therefor on an order drawn by defendant McDonald on plaintiff, was paid by him. Appropriate allegations were added showing the amount due for all claims so paid, a description of the logs upon which the labor was done, their location, and the filing of a claim for a lien in the form prescribed by law. It was further alleged that McDonald was indebted to plaintiff for the amount of money paid on the various labor orders. The defendant *Dells Lumber Company* was impleaded under the statute as owner of the logs, and answered, putting in issue the right of plaintiff to a lien judgment. On the trial it was admitted by plaintiff that the labor orders were all drawn by McDonald on the plaintiff, and that he paid them according to their terms. The *Dells Lumber Company* objected to any evidence under the complaint, and, it being admitted that plaintiff paid the orders instead of purchasing the claims of the laborers, the objection was sustained and judgment was entered accordingly, from which this appeal was taken by plaintiff.

For the appellant there was a brief by *Lord & Wheeler*, and oral argument by *F. F. Wheeler*.

For the respondent there was a brief by *Frawley, Bundy & Wilcox*, and oral argument by *R. P. Wilcox*.

MARSHALL, J.    Sec. 3333, Stats. 1898, provides that the holder, by assignment, of lienable claims on logs shall be entitled to the same remedy to enforce payment thereof as the original owner of such claims. Plaintiff seeks the benefit of that statute, but admitting that he did not purchase the labor claims which are in form of drafts on him and take an assignment thereof, but paid them as drawee according to their terms, left nothing for the statute to operate upon. It protects the purchaser of a lienable claim by giv-

ing him the same right against the logs as the vendor; but when a labor claim is paid the contract between the laborer and employer is thereby extinguished. If plaintiff acquired any claim by paying the labor orders, against the drawer, McDonald, it was that of a mere creditor for money loaned. The obligation was on a new contract, not the labor contracts for work on logs to which the right of lien was incident under the statute. Those contracts were fully executed on both sides as soon as the claims therefor were paid.

*By the Court.*— The judgment is affirmed.